NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3848
_____

In Re: DIET DRUGS
(PHENTERMINE/FENFLURAMINE/DEXFENFLURAMINE)
PRODUCT LIABILITY LITIGATION

Donna J. Pickering,
          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court Nos.: 2-99-cv-20593
16-md-1203
MDL 1203
District Judge: The Honorable Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 14, 2011

Before: SLOVITER, SMITH, and NYGAARD, *Circuit Judges*

(Filed:  September 20, 2011)

_____

OPINION
_____

SMITH, *Circuit Judge.*

Donna J. Pickering appeals from an order of the United States District Court

for the Eastern District of Pennsylvania, which denied her claim for Matrix Compensation Benefits under the Diet Drug Nationwide Class Action Settlement Agreement. We exercise final order jurisdiction under 28 U.S.C. § 1291. *In re Diet Drugs Prod. Liab. Litig.*, 543 F.3d 179, 184 n.10 (3d Cir. 2008). Because a district court exercises "its equitable authority to administer and implement a class action settlement," we review for an abuse of discretion. *Id.* An abuse of discretion may be found if the District Court's decision is based on a clearly erroneous factual finding, an error of law, or an improper application of law to fact. *Id.*

Pickering contends that the District Court abused its discretion by concluding that she failed to establish a reasonable medical basis for the opinion of her attesting physician, Dr. Evans, that she had moderate mitral regurgitation, which would entitle her to Matrix Compensation Benefits. In Pickering's view, the District Court failed to adequately consider not only the evidence she initially submitted in support of her claim, but also the supplemental evidence she provided to establish a reasonable medical basis for Dr. Evans' opinion. She contends that the District Court improperly relied on the technical advisor's medical opinion that she had only mild mitral valve regurgitation, which does not entitle her to benefits, and that there was no reasonable medical basis for Dr. Evans' claim.

We have carefully reviewed the Show Cause Record developed in this case.

Pickering's contention that the District Court failed to adequately consider the evidence she adduced in the Show Cause Proceeding is belied by the District Court's comprehensive Memorandum. The assertion that the District Court improperly relied on the technical advisor's opinion is likewise unpersuasive. The Court scrutinized all of the medical opinions and noted that Pickering had failed to rebut certain assessments that supported the opinions of both the auditing cardiologist and the technical advisor that she did not have moderate mitral regurgitation. Because the evidence of record permits a finding that there may be either a reasonable medical basis or no reasonable medical basis for Dr. Evans' opinion, we can discern no clear error of fact, which would constitute an abuse of discretion warranting reversal. *See Anderson v. City of Bessemer,* 470 U.S. 564, 573-74 (1985). We will affirm the judgment of the District Court.